### In re HIRSHOWITZ.

(District Court, M. D. Pennsylvania. September 14, 1912.)

#### No. 1,543.

BANKRUPTCY (§ 311*)—PREFERENCES—MORTGAGE.

Claimant Trust Company loaned a bankrupt $1,500 on his own indorsement, the note being renewed several times, until it finally fell due November 3, 1909; and five days thereafter the bankrupt executed a bond and mortgage to the Trust Company for a like amount, which was recorded on the following day. An officer of the Trust Company testified that the consideration for the mortgage was delivered and paid in money to the bankrupt November 20th, as indicated by a notation on a teller's slip from an adding machine; but how or when the note was paid, if at all, was not satisfactorily explained. At the time the mortgage was

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

made, it was quite generally known that the bankrupt was in financial straits. *Held*, that the giving of the mortgage constituted a preference, obtained by the Trust Company with at least constructive knowledge of the debtor's insolvency; and that it was therefore not entitled to an allowance of the mortgage debt as a secured claim.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 497–500; Dec. Dig. § 311.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Louis Hirshowitz. On certificate of review of the decision of the referee rejecting the claim of the Wyoming Valley Trust Company. Affirmed.

Henry W. Dunning, of Wilkes-Barre, for claimant.
Abram Salsburg, of Wilkes-Barre, for trustee.

WITMER, District Judge. This matter is here on review of the decision of the referee rejecting the claim on mortgage of the Wyoming Valley Trust Company to share, on distribution of the fund arising from the sale of real estate, as a preferred claim.

It appears that on January 2, 1909, the bankrupt obtained a loan from the Trust Company for $1,500 on his own indorsement. The note given as security was several times renewed, until finally it fell due November 3, 1909. Five days thereafter, on November 8th, the bankrupt executed a bond and mortgage to the Trust Company for a like amount, to wit, $1,500, which was duly recorded the following day. It is contended that the mortgage was obtained as security or in payment of the loan, thereby intending to secure a preference when it was known that the bankrupt was financially embarrassed and insolvent. It is indeed rarely possible to prove by positive testimony the intent of the parties to a transaction of this character. Such must usually be inferred from the attending circumstances. The trust officer says that the consideration for the mortgage was actually delivered and paid in money to the bankrupt on November 20th, 12 days after the date of the mortgage, an inference which he draws from a notation on a teller's slip from an adding machine, the words being written in lead pencil opposite an item of $1,500, "Hirshowitz Mortgage." How and when the note was paid, if at all, has not been satisfactorily explained.

That a matter of this character should be permitted by a large banking house to remain shrouded in mystery does not commend itself to this court. If the old note was paid by the bankrupt and a new loan effected, for which the mortgage was given as security, it was at the command of the Trust Company to explain clearly, and in a satisfactory manner, from their records. The conclusion reached by the referee, that the mortgage was given in consideration of the note, is amply justified by the evidence. The referee, furthermore, found that the bankrupt, at the date of the mortgage, was in financial distress, which was then quite generally known, and, bearing in mind that a mortgage was obtained as security for

a loan theretofore secured by the bankrupt's own note, indicates a knowledge on the part of the Trust Company of the financial uncertainty of the subsequent bankrupt. The transaction itself, as gathered from the testimony, leads to the irresistible conclusion that the Trust Company were endeavoring to secure a preference at a time when their debtor was regarded insolvent.

The conclusions reached by the referee, and the order made, is affirmed.